UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------------X  
GABRIELE HAMMERSTEIN,  :  
 :  
                    Plaintiff,  :  
 :  
    - against -  :  
 :  
AMERICAN AIRLINES, INC.,  :  
 :  
                    Defendant.  :  
-------------------------------------------------------------------X  

CIVIL CASE NO.  
11-civ.-3497  

(NRB)  
(ECF Case)  

**<u>VERIFIED COMPLAINT</u>**  

JURY TRIAL DEMANDED  

Plaintiff, by her attorney, Samuel A. Ehrenfeld, complaining of the Defendant herein, respectfully states and alleges:

1. Plaintiff Gabriele Hammerstein is a natural person, residing at 35-40 82nd Street, Jackson Heights, New York, 11371.

2. Upon information and belief, the Defendant, American Airlines Inc., is a corporation incorporated under the laws of the State of Delaware with a principal place of business in the state of Texas. The Defendant is authorized to do business in the State of New York.

3. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1332.

4. This action arises from certain events to be described below which occurred on or about April 28, 2008.

5. On that date, the Plaintiff suffered extreme emotional distress and physical injuries, due to certain actions by an unidentified passenger of the defendant ("Passenger"), who was a very tall man, and the actions and inactions of certain unidentified employees of the defendant.

6. On that date the Plaintiff was travelling on an aircraft of the defendant, flight number AA131 from London to New York.

7. The Plaintiff was seated in her properly authorized aisle seat.

8. The Passenger arrived and sat in the seat adjacent to the Plaintiff's seat.

9. Upon information and belief, the Passenger was not authorized to seat in that adjacent seat; rather, the adjacent seat belonged to a woman who had just gotten up to use the restroom.

10. While the Passenger was seated in the woman's seat, he and the Plaintiff engaged in an argument about his rights to the seat.

11. The Passenger continued to curse and verbally insult the Plaintiff.

12. In addition, the Passenger was spreading out his bulk including his arms and legs and crushing the Plaintiff's shoulder, neck, and legs.

13. The Plaintiff then called over a flight attendant to assist with the matter.

14. The flight attendant decided that the Passenger was entitled to remain where he was seated.

15. Several other employees of the Defendant appeared and decided that the Passenger was entitled to remain where he was seated.

16. The employees of the Defendant falsely accused the Plaintiff of trying to appropriate two seats for herself.

17. The employees suggested that the Plaintiff should leave the airplane because there were no other unoccupied seats available for her.

18. The woman who had gone to the restroom earlier suddenly returned to her proper seat that was being occupied by the Passenger.

19. The Passenger rose to leave the woman's seat and kicked the Plaintiff repeatedly causing her a great deal of pain.

20. The Passenger also punched the Plaintiff in her shoulder.

21. None of the employees of the Defendant who were present did anything to defend or assist the Plaintiff in any way - rather they disappeared without even offering the Plaintiff any apology.

22. Upon information and belief, the Defendant's employees never attempted to verify the Passenger's rights to the woman's seat.

23. The Defendant failed to train its employees to deal with such circumstances appropriately.

24. The Defendant had a duty to protect and defend the Plaintiff from emotional and physical harm.

## CAUSE OF ACTION

25. The Plaintiff reiterates the allegations set forth above in paragraphs 1-24.

26. As a result of the reckless and outrageous actions and inactions of the Defendant's employees the Plaintiff suffered extreme emotional distress and physical injuries, and suffered damages in an amount to be determined by the court but in no event less than $50,000.00.

27. Wherefore the Plaintiff requests a judgment of an amount to be determined by the court but in no event less than $50,000.00, and such other and further relief as the court shall deem appropriate.

Dated: July 7, 2011
      New York, New York

                                  **SAMUEL A. EHRENFELD, ESQ.**

                                  By: _____
                                  Samuel A. Ehrenfeld (SE 3103)
                                  Attorney for Plaintiff
                                  419 Lafayette Street, 2nd Floor
                                  New York, New York 10003
                                  (212) 645-9609

## VERIFICATION

SAMUEL A. EHRENFELD hereby affirms and states: I am an attorney admitted to practice in the courts of the State of New York and the Southern District of New York. I am the attorney of record for the plaintiff in the within action. I have read the foregoing Verified Complaint and know its contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true. The grounds of my belief as to all matters not stated upon my personal knowledge are consultations with representatives of the plaintiff and examination of investigative materials. The reason this verification is not made by the plaintiff is that the plaintiff does not maintain an office within the county where this attorney maintains his office.

The foregoing statements are true under penalties of perjury.

Dated: July 7, 2011
New York, New York

SAMUEL A. EHRENFELD, ESQ.

By: _____
Samuel A. Ehrenfeld (SE 3103)
Attorney for Plaintiff
419 Lafayette Street, 2nd Floor
New York, New York 10003
(212) 645-9609

1